KEVIN V. RYAN (CASBN 118321)
United States Attorney

EUMI L. CHOI (WVSBN 0722)
Chief, Criminal Division

ROBERT DAVID REES (CASBN 229441)
Assistant United States Attorney

    450 Golden Gate Ave.
    San Francisco, California 94102
    Telephone: (415) 436-7210
    Facsimile: (415) 436-7234

Attorneys for Plaintiff

UNITED STATES MAGISTRATE COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.: CR 06 0066 MMC |
| ) | |
| Plaintiff, ) | **[PROPOSED]** |
| ) | ORDER OF DETENTION |
| v. ) | PENDING TRIAL |
| ) | |
| SHAWN RUFFIN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

    This matter came before the Court on February 3, 2006 for a detention hearing.

Defendant Shawn Ruffin was present and represented by Chief Assistant Federal Public

Defender Geoffrey Hansen. Assistant United States Attorney Robert David Rees appeared for

the United States of America.

    Pretrial Services submitted a report to the Court and the parties that recommended

detention, and a representative of Pretrial Services was present at the hearings. The government

requested detention, and the defendant opposed. Proffers and arguments affecting detention were

submitted by the parties at the hearings.

    Upon consideration of the facts, proffers, and arguments presented, the Court finds by

DETENTION ORDER: UNITED STATES v. RUFFIN, CR 06 0066 MMC

clear and convincing evidence that no presently available condition or combination of conditions of release will reasonably assure the safety of the community as required. Accordingly, the Court concludes that the defendant must be detained pending trial in this matter. The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i)(1).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141–50, sets forth four factors which the Court must consider in determining whether pretrial detention is warranted. These factors are:

> (1) the nature and circumstances of the offense charged (§ 3142(g)(1));
>
> (2) the weight of the evidence against the person (§ 3142(g)(2));
>
> (3) the history and characteristics of the person including, among other considerations, character, employment, family, and past conduct and criminal history (§ 3142(g)(3)); and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release (§ 3142(g)(4)).

With regard to the first factor, the nature and circumstances of the offense charged, the defendant, a convicted felon, is accused of possessing a firearm and approximately 181 grams of cocaine base with intent to distribute it, in violation of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1) respectfully. The narcotics charge establishes a presumption that no combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. *See* 18 U.S.C. § 3142(e). Nevertheless, the Court does not find it necessary to rely on the nature and circumstances of this offense in making its determination.

The second factor, the weight of the evidence, is considered the least important of the factors. The Bail Reform Act neither requires nor permits a pretrial determination of guilt. *United States v. Gebro*, 948 F.2d 1118, 1121–22 (9th Cir. 1991). Here, the criminal complaint indicates that the defendant's DNA matches a sample found on the firearm, though once again, the Court does not find it necessary to rely on the current charges in making its determination.

DETENTION ORDER: RUFFIN          2

1    The Court finds that the third factor, the history and characteristics of the defendant,

2    militate strongly against the defendant and in favor of detention.  The Pretrial Services Report

3    confirms the defendant has a lengthy criminal history.  Although the defendant is only 26 years

4    old, he has already been convicted of three serious felonies and, while on release from those

5    crimes, violated his Court-ordered parole conditions at least six times resulting in the revocation

6    of his probation and further custody.

7    With respect to the fourth factor, the nature and seriousness of the danger to the

8    community, the Court again takes notice of the defendant's criminal history, and finds that no

9    matter the Court-ordered conditions that have been imposed upon the defendant, he has

10   continued to commit serious crimes in the community.

11   Accordingly, based on all of the evidence above, the Court finds by clear and convincing

12   evidence that no condition or combination of conditions of release will reasonably assure the

13   safety of the community.

14   Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

15   (1) the defendant, Shawn Ruffin, be, and hereby is, committed to the custody of

16   the Attorney General for confinement in a corrections facility separate, to the

17   extent practicable, from persons awaiting or serving sentences or being held in

18   custody pending appeal;

19   (2) the defendant be afforded reasonable opportunity for private consultation with

20   his counsel; and

21   (3) on order of a court of the United States or on request of an attorney for the

22   government, the person in charge of the corrections facility in which the defendant

23   is confined shall deliver the defendant to an authorized Deputy United States

24   Marshal for the purpose of any appearance in connection with a court proceeding.

25

26   Dated:    February 10, 2006

_____
HON. JOSEPH C. SPERO
United States Magistrate Judge

DETENTION ORDER:  RUFFIN                    3